**Tong Yong TANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondent.**

**No. 03–40670.**

United States Court of Appeals, Second Circuit.

Nov. 4, 2005.

Donald F. Madeo, Madeo & Fasano, New York, NY, for Petitioner.

Michelle G. Tapken, Acting United States Attorney, Mark E. Salter, Assistant United States Attorney for the District of South Dakota, Sioux Falls, SD, for Respondent.

PRESENT: MESKILL, CABRANES, and SACK, Circuit Judges.

Petitioner Tong Yong Tang ("Tang") petitions for review from the September 3, 2003 final order of removal by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") and denying his application for asylum and withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, Tang challenges the BIA's determination that he failed to establish past persecution or a well-founded fear of future persecution.

Tang's claims that he was threatened with arrest and injured by government officials on one occasion because of his father's involvement with the Falun Gong, and that he fears arrest if returned to China because of his father's political affiliation, do not "rise above mere harassment." *Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004). Tang's family members, who continue to reside in China, have been questioned since the time Tang fled China, and none have been arrested or injured. *Id.* (explaining that "persecution" involves conduct that is "more than threats to life or freedom" (internal quotations omitted)). Thus, Tang has not satisfied the standard for granting asylum, and consequently cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Further, as Tang has not demonstrated that he would be tortured if returned to China, his claims under the CAT fail as well. 8 U.S.C. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Accordingly, we deny Tang's petition.